**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|   |   |
|---|---|
| IN THE MATTER OF EXTRADITION OF T.C. | No. 24-MJ-01365-DLC |

### ORDER ON RELATOR'S MOTION TO REOPEN EXTRADITION HEARING AND FOR RECONSIDERATION OF CERTIFICATION IN LIGHT OF MATERIALLY DIFFERENT POST-CERTIFICATION INDICTMENT

CABELL, U.S.M.J.

The United States previously filed a complaint seeking to extradite relator T.C. ("T.C.") to the Republic of Türkiye ("Türkiye") for the crime of causing reckless killing and injury under Article 85/2 ("Article 85") of the Criminal Code of Türkiye ("the Code"), in accordance with an extradition treaty between the United States and Türkiye ("the Treaty").[1] The complaint also cited Article 31/3 ("Article 31") of the Code, which reduces the punishment for an Article 85 violation by one third based on T.C.'s age at the time. T.C. subsequently moved to dismiss the complaint and also initiated a parallel proceeding before a district judge seeking habeas relief in the form of his release from custody.

---

[1] Treaty on Extradition and Mutual Assistance in Criminal Matters Between the United States of America and the Republic of Turkey, U.S.-Turk., June 7, 1979, 32 U.S.T. 3111 (the "Treaty").

In February 2025 and following an October 2024 hearing on both T.C.'s motion to dismiss and the government's extradition complaint, the court issued an order denying T.C.'s motion and certifying T.C.'s extradition to the Secretary of State based on the Article 85 charge. The court thereafter certified T.C.'s extradition, committed T.C. to the custody of the United States Marshal pending the Secretary of State's decision to surrender him to Türkiye, and forwarded a copy of the evidence to the Secretary of State. In August 2025 the district judge presiding over T.C.'s habeas petition denied it.

T.C. sought humanitarian relief from the Secretary of State but his requests were not successful. Rather, in February 2026 the Secretary of State notified T.C. that he intended to issue a surrender warrant.

Against this backdrop, on March 10, 2026, Turkish officials charged T.C. via a criminal indictment. In contrast to the complaint, which charged T.C. with causing reckless killing and injury, the indictment charged him with causing death or injury with *conscious* recklessness. The indictment cited Articles 85/2 and 31/3, which were also listed in the complaint, but additionally cited a new provision defining "conscious recklessness", Article

2

22/3.[2]  Based on these new developments, T.C. filed a motion on March 20, 2026 to reopen the extradition hearing and reconsider the court's certification, on the ground that the indictment with the Article 22/3 charge constitutes newly discovered evidence. For the reasons that follow, the motion (D. 176) is denied.

## I.   THE PARTIES' ARGUMENTS

T.C. seeks to reopen the extradition hearing on the ground that Article 22/3 sets forth a new charge not contained in the complaint and as such the indictment sets out a new and materially different charge.  Specifically, the Article 22/3 charge adds a culpability component of conscious recklessness and increases the potential punishment for an Article 85 violation by one-third to one-half.  T.C. further asserts that Türkiye did not include a copy of Article 22/3 in its extradition papers submitted with the complaint, in violation of Article 7(1)(e) of the Treaty.[3]

T.C. also moves to reopen the October 2024 extradition hearing to address whether:  (1) the United States has not expressly consented to T.C. being prosecuted and punished on this purportedly

---

[2] Article 22/3 provides that, "An act is conducted with conscious recklessness when the result is foreseen but is not desired; in this case, the penalty for the reckless offence shall be increased by one-third to one-half."  (D. 182-1, p. 13).

[3] Article 7(1)(e) is a list of the contents of an extradition request and that list includes, as emphasized by T.C., "the law prescribing the punishment for the offense . . . ."  (Treaty, Art. 7(1)(e)).

3

aggravated basis under Article 16 of the Treaty; (2) probable cause exists for the Article 22/3 charge; and (3) the court's certification should be vacated. (D. 176).

The government objects to reconsideration because T.C. cannot show that the court's extradition decision was a manifest error of law or clearly unjust. (D. 178, pp. 4, 6). As to reopening the extradition hearing, the government counters that Article 22/3 is not a new charge or offense independent of Article 85. Relatedly, the government maintains that proof of a penalty enhancement (Article 22/3) is unnecessary as long as the criminal charge (Article 85) carries a penalty that meets the one-year minimum sentence in Article 2 of the Treaty. (D. 178, p. 8). What is more, according to the government, the potential penalties T.C. could face is an issue best left for the Secretary of State rather than the court, under the rule of non-inquiry.

The government also disagrees with T.C.'s argument anent Article 7(1). The government characterizes the argument as technical and maintains that the primary purpose for including the law prescribing the punishment in the list of documents in Article 7(1) is to show compliance with Article 2, which requires that extraditable offenses be punishable by a term of incarceration of at least a year or more. (D. 178, p. 8). More, the government submits that reopening the hearing to consider probable cause would

be futile where the court has already determined that T.C.'s conduct was reckless.  (D. 178, p. 7).

## II.  DISCUSSION

The court finds no basis to grant the relator's motion.  As a threshold matter, it is questionable whether the court has any authority to consider the motion where it certified T.C.'s extradition on the Article 85 offense to the Secretary of State and issued a certification and committal order to the Secretary some 15 months ago, in February 2025.

Regardless, the court agrees with the government that Article 22/3 does not set forth an independent offense.  Rather, as stated by the Turkish Prosecutor and deferring to his interpretation of the statute, Article 22/3 refers to the "aggravating nature" that may accompany an offense, but it is not a separate offense in and of itself. (D. 182-1) (Turkish Prosecutor's statement that Article 22/3 "does not constitute an independent offence in terms of Turkish law but it has an aggravating nature").  The court defers to and accepts that interpretation.  *See Matter of Extradition of Taylor*, 484 F. Supp. 3d 13, 15 (D. Mass. 2020) (recognizing that "[e]xtradition proceedings are not vehicles for United States federal courts to interpret and opine on foreign law") (citations omitted).

By analogy, and as aptly reasoned by the government, the penalty enhancement increasing a sentence by one-third to one-half under Article 22/3 is similar to drug-weight enhancements under the criminal laws in this country. *See*, *e.g.*, *United States v. McHugh*, 769 F.2d 860, 868 (1st Cir. 1985). In *McHugh*, the defendant "was indicted under 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 841(b)(6), and 846." *Id*. "Neither section 841(a) nor section 846 require[d] any specific [drug] quantity for conviction." *Id*. (citations omitted). Rather, section 841(b)(6) provided for "an enhanced penalty provision for offenses in which the quantity of marijuana exceed[ed] 1,000 pounds." *Id.* (citing *United States v. Webster,* 750 F.2d 307, 331–32 (5th Cir. 1984)). Hence, Article 22/3 is not, as T.C. contends, a new and materially different *charge*. As such, there is no need to reopen the hearing to consider whether probable cause exists for the Article 22/3 enhancement. Further, there is no need to reopen the hearing to consider whether the United States has or has not consented to Turkey prosecuting T.C. for Article 22/3.

Moreover, even assuming dubitante that Article 22/3 sets forth an offense, and that a finding of probable cause for an Article 22/3 offense is necessary, and that reconsideration is therefore conceptually appropriate, it still would not avail T.C. of any benefit here because the facts the court found previously

6

establish probable cause that T.C. acted with conscious recklessness. As noted, article 22/3 states, "An act is conducted with conscious recklessness when the result is foreseen but is not desired . . . ." (D. 182-1, p. 13). In that regard, T.C. was driving at a high speed more than five times the speed limit late at night on a two-lane road. Further, he ignored the requests by his passengers to slow down. Unable to take the turn in the road, he crashed into the ATV riders standing on the side of the road. In doing so, he caused the death of one of those riders and injured four other riders. (D. 157, pp. 17-18). Accordingly, the result was easily foreseen by T.C. even though he did not wish or desire to cause the death or the injuries.

## III. <u>CONCLUSION</u>

In accordance with the foregoing, the motion to reopen the extradition hearing and reconsider certification in light of the post-certification indictment (D. 176) is **DENIED**.

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED: May 18, 2026