UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| T.C.<br><br>      *Petitioner*,<br><br>      *v.*<br><br>DENNIS MATULEWICZ, Acting United States Marshal, District of Massachusetts, and<br><br>SAKO LONG, Regional Director, Northeast Region, Commonwealth of Massachusetts Department of Youth Services,<br><br>      *Respondents.* | Docket No.26 cv 12336-ADB |

## DECLARATION OF ATTORNEY FAZIL CIFTCI

I, Fazil Ciftci, declare under the pains and penalty of perjury that the following is true and correct:

My name is Fazıl Çiftçi. I graduated from Istanbul University Faculty of Law in 1988. Following the completion of my judicial and legal traineeships, I was admitted to the Istanbul Bar Association in 1991 under registration number 17329. Since then, I have been practicing as a litigation attorney for approximately 35 years, with experience in both civil and criminal law matters and both as a litigator and advisor. I previously worked at a number of law firms including Dentons. I submit this declaration in my capacity as legal counsel of AECO Law Office, a Turkish law firm based in Istanbul.

On 21/05/2026, Martin G. Weinberg, Esq. requested AECO Law Office to provide an opinion under Turkish law on the following question: whether the addition of Article 22/3 of Turkish Criminal Code ("**TCC**") to Article 85/2 of TCC charge does more than merely enhancing the relevant punishment; and whether the Article 22/3 also imposes a separate burden on the prosecution to prove conscious negligence, meaning that the consequence was actually foreseeable to the defendant, and, for that reason, requires separate notice, proof, and an opportunity to present an additional defense under Turkish law.

My opinion regarding the questions presented to me is set forth below:

Article 85(2) of the TCC defines the aggravated form of the offense of causing death by negligence. On the other hand, Article 22(3) of the TCC governs conscious negligence.

Under Turkish criminal law, the principal distinction between ordinary negligence and conscious negligence is foreseeability element on the part of the defendant. The finding of conscious negligence requires determination that the defendant foresaw the possible occurrence of the harmful result, nevertheless engaged in the conduct in question.

1

Article 22(3) serves not only as a general sentencing enhancement applicable to negligent offenses, but also as a legal provision that alters the legal characterization of the charged conduct within the meaning of Article 226 of the Turkish Code of Criminal Procedure ("**CPC**"). Consequently, where the prosecution in court proceedings seeks the application of Article 22(3) under TCC, it must prove that the defendant/accused acted with conscious negligence; namely, that, at the time of engaging in the conduct constituting the offense, the defendant foresaw the possible occurrence of the harmful result.

In connection with the above, where the prosecution seeks the application of Article 22(3) during the court proceedings, the defendant (and defense counsel) must be given specific notice of this allegation and afforded an opportunity to present an additional defense pursuant to Article 226 of CPC. Hence, allegation of conscious negligence requires a separate factual and legal assessment, since it must be shown that the defendant subjectively foresaw the possible occurrence of the harmful result at the material time. In other words, the application of Article 22(3) involves more than a mere increase in punishment; it introduces an additional factual and legal issue and analysis that must be separately noticed, proven, and contested.

In addition, under Article 22(3), where any negligent offense, including the offense defined in Article 85(2), is committed with conscious negligence, the sentence to be imposed upon the defendant must be increased by one-third to one-half.

Fazıl Çiftçi

Attorney-at-Law

June 9, 2026