UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| T.C., | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 26-cv-12336-ADB |
| DENNIS MATULEWICZ, Acting United | * | |
| States Marshal, District of Massachusetts; and | * | |
| SAKO LONG, Regional Director, Northeast | * | |
| Region, Commonwealth of Massachusetts | * | |
| Department of Youth Services, | * | |
| | * | |
| Respondents. | | |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

The Republic of Türkiye ("Türkiye") first requested the extradition of Petitioner T.C., a

minor, on April 3, 2024, [ECF No. 12-1 at 2], after a Turkish judge issued a warrant for T.C.'s

arrest following a March 1, 2024, car accident involving a car driven by T.C., Tok v. Kyes, No.

24-cv-12458, 2025 WL 2200412, at *2–3 (D. Mass. Aug. 1, 2025).  After the United States filed

a complaint seeking T.C.'s extradition, a federal magistrate judge issued a warrant for T.C.'s

arrest, [ECF No. 12 at 6], and T.C. was arrested in Massachusetts on June 14, 2024, [id.].  A

federal magistrate judge held an extradition hearing on October 15, 2024, and ordered

certification of extradition for T.C. on February 11, 2025.  Tok, 2025 WL 2200412, at *3.  T.C.

sought review of the magistrate judge's decision by filing a habeas petition, which this Court

denied on August 1, 2025.[1]  Id. at *6.  On March 10, 2026, after T.C.'s extradition was certified,

---

[1] T.C. appealed this Court's decision but later voluntarily dismissed his appeal.  See Judgment,
T.C. v. Kyes, No. 24-cv-12458 (D. Mass. Mar. 24, 2026), [ECF No. 39].

but before T.C. was extradited to Türkiye, a Turkish prosecutor issued a formal indictment against T.C.  [ECF No. 1 ¶ 21].  T.C. then moved to reopen his extradition hearing and for reconsideration of the extradition certification, based on what he contended was a new charge contained in the indictment.  [ECF No. 1-2 at 3].  On May 18, 2026, the magistrate judge denied T.C.'s motion.  [ECF No. 1-2].  T.C. has now filed the instant habeas petition to challenge that decision.  [ECF No. 1].  T.C. also seeks a stay of his extradition pending the resolution of his habeas petition and any appeal.  [ECF No. 2].  For the following reasons, both T.C.'s petition and his motion for a stay are **DENIED**.

Federal habeas review of extradition decisions is limited to "whether the magistrate had jurisdiction, whether the offense charged is within the treaty and, by a somewhat liberal extension, whether there was any evidence warranting the finding that there was reasonable ground to believe the accused guilty."  Fernandez v. Phillips, 268 U.S. 311, 312 (1925).  "'[W]hether the offense charged is within the treaty' requires an analysis of what the offense charged is—or whether any offense has been charged at all (not to mention whether a formal charge is necessary)."  Aguasvivas v. Pompeo, 984 F.3d 1047, 1055 (1st Cir. 2021) (quoting Noeller v. Wojdylo, 922 F.3d 797, 805 (7th Cir. 2019)).  If the treaty's text is "ambiguous and reasonably accommodates the United States' construction," this Court "defer[s] to that construction."  Id. at 1058 (citing United States v. Kin-Hong, 110 F.3d 103, 110 (1st Cir. 1997)) (further citation omitted).  If, however, the text of the treaty is "plain and cannot reasonably bear the government's construction," the Court "must reject that construction."  Id. (citing Greci v. Birknes, 527 F.2d 956, 960 (1st Cir. 1976)).

T.C. challenges the continued use of the extradition certification issued February 11, 2025, to authorize his surrender following the issuance of the March 10, 2026, indictment.  [ECF

No. 1 ¶ 2].  Both the original extradition complaint and the indictment charged T.C. with reckless killing and injury in violation of Article 85/2 of the Turkish Criminal Code and cited Article 31/3 of the Turkish Criminal Code, which reduces T.C.'s potential punishment because of his age at the time of the alleged offense.  [Id. ¶¶ 14, 22]; [ECF No. 1-1 at 12].  The indictment, however, additionally referred to Article 22/3 of the Turkish Criminal Code, which provides for a "one-third to one-half" increase in the penalty for an act "conducted with conscious recklessness when the result is foreseen but is not desired," [ECF No. 1-2 at 3 n.2].

T.C.'s latest challenge to his extradition rests on the premise that the indictment's reference to Article 22/3 is a new charge that requires the reopening of his extradition proceedings.  Specifically, he argues that his threatened surrender on the existing certification violates (1) 18 U.S.C. § 3184 and Article 7 of the extradition treaty between the United States and Türkiye (the "Treaty") and (2) Article 16 of the Treaty and the rule of specialty; that (3) the magistrate judge did not make a proper probable cause determination as to Article 22/3; and that (4) he is entitled, as a matter of due process, to an opportunity to contest the reference in the March 10, 2026, indictment to Article 22/3.  [ECF No. 1 ¶¶ 42–79].

These arguments fail because the premise on which they rest is incorrect: Article 22/3 is not a new offense that is independent from the offense contained in Türkiye's Treaty submission and charged in the extradition complaint.  Although the indictment describes the "offence" with which T.C. is charged as "[c]ausing death or injury with conscious recklessness," [ECF No. 1-1 at 12 (emphasis added)], the Court defers to the Turkish prosecutor's reasonable characterization of Article 22/3 as "not constitut[ing] an independent offence" but, rather, having an "aggravating nature," [id. at 9], notwithstanding T.C.'s declaration apparently asserting the contrary, [ECF No. 11-1 at 2 (describing Article 22/3 as "alter[ing] the legal characterization of the charged

3

conduct")].  See, e.g., Taylor v. McDermott, 516 F. Supp. 3d 94, 103–04 (D. Mass. 2021) (deferring to foreign government's reasonable interpretation of foreign law).  Because Article 22/3 can be reasonably characterized as not constituting a new offense, all of T.C.'s challenges to the magistrate judge's denial of his motion to reopen extradition proceedings or to reconsider the certification of extradition fail.

First, the existing extradition certification does not violate Article 7 of the Treaty or 18 U.S.C. § 3184.  Article 7 requires that a request for extradition be accompanied by "[t]he text of the applicable laws of the Requesting Party, including the law defining the offense, the law prescribing the punishment for the offense, and the law relating to the limitation of legal proceedings or the enforcement of the penalty for the offense."  Extradition and Mutual Assistance in Criminal Matters Treaty, U.S.-Turk., art. 7(1)(e), June 7, 1979, T.I.A.S. No. 9891. 18 U.S.C. § 3184 requires the judge overseeing an extradition petition to certify that "he deems the evidence sufficient to sustain the charge under the provisions of the proper treaty or convention" before a warrant may issue.  Here, Article 22/3 is arguably not an independent offense.  Accordingly, the federal government's position that, for purposes of Article 7 of the Treaty, Article 22/3 of the Turkish Criminal Code was not "the law defining the offense" or "the law prescribing the punishment for the offense" for which Türkiye sought T.C.'s extradition, and, thus, did not have to be included in Türkiye's extradition request under Article 7 (or charged in the extradition complaint), is at least reasonable, and the Court defers to it.  See Aguasvivas, 984 F.3d at 1055. For the same reason, extradition under Magistrate Judge Cabell's original certification does not violate 18 U.S.C. § 3184.

Second, the indictment's reference to Article 22/3 does not violate Article 16 of the Treaty or the rule of specialty.  Article 16 prohibits the prosecution, punishment, or detention of a

4

person extradited in accordance with the Treaty "for any offense committed prior to surrender . . . other than that for which extradition was granted."  Extradition and Mutual Assistance in Criminal Matters Treaty, U.S.-Turk., art. 16(1), June 7, 1979, T.I.A.S. No. 9891. This provision "embodies" the "principle of specialty," which "requires that an extradited defendant be tried for the crimes on which extradition has been granted, and none other."  United States v. Saccoccia, 58 F.3d 754, 766 (1st Cir. 1995).  The rule of specialty, however, "does not require that a defendant be prosecuted only under the precise indictment that prompted his extradition . . . or that the prosecution always be limited to specific offenses enumerated in the surrendering state's extradition order."  Id. at 767.  Instead, what matters is whether "the conduct for which the requesting state actually prosecutes the defendant [is] interconnected with (as opposed to independent from) the acts for which he was extradited."  Id.  Here, because Article 22/3 is arguably not an independent offense, T.C.'s extradition on the existing certification violates neither Article 16 of the Treaty nor the rule of specialty (assuming arguendo that T.C. has standing to invoke the rule of specialty and can invoke it before he is extradited).  Moreover, the conduct for which Türkiye intends to prosecute T.C. (causing death or injury with conscious recklessness) is manifestly "interconnected with (as opposed to independent from) the acts" for which Türkiye requested his extradition in the first place (reckless killing and injury).  Id.

Third, no probable cause determination as to Article 22/3 was required.  The extradition statute required the magistrate judge to determine whether there was "evidence sufficient to sustain the charge under the provisions of the proper treaty."  18 U.S.C. § 3184; see also Kin-Hong, 110 F.3d at 117 (noting that courts have interpreted provisions similar to Article 7(1)(c) of the Treaty "as requiring a showing by the requesting party that there is probable cause to believe that the accused has committed the charged offense" (quoting Quinn v. Robinson, 783 F.2d 776,

783 (9th Cir. 1986) (separate opinion of Reinhardt, J.))).  Because Article 22/3 is arguably not a separate offense, it was not required to be included in Türkiye's extradition request (or charged separately in the extradition complaint), and the magistrate judge was not required to determine whether there was probable cause that T.C. had violated it.

Fourth, due process does not require reopening of the extradition proceedings.  T.C. has not demonstrated "anything approaching a substantial failure to comply with the statutory extradition procedure, let alone a fundamental due process violation."  Koskotas v. Roche, 931 F.2d 169, 175 (1st Cir. 1991).  Instead, Türkiye has, at most, supplemented the existing Article 85/2 charge that, as the magistrate judge found almost a year and a half ago, amply justified T.C.'s extradition.  See id. at 174–75 (finding no violation of due process where "provisional arrest warrant was supplemented to encompass new charges and additional evidence" and petitioner was "informed of all the evidence and all the charges" before extradition hearing).

Accordingly, T.C.'s habeas petition, [ECF No. 1], is **DENIED**.  Moreover, because T.C. has not made a strong showing that he is likely to succeed on the merits of his petition or on appeal or that he will be irreparably injured absent a stay, see Nken v. Holder, 556 U.S. 418, 434 (2009), his motion for a stay, [ECF No. 2], is **DENIED**.


**SO ORDERED.**


July 27, 2026                                                      */s/ Allison D. Burroughs*
                                                                   ALLISON D. BURROUGHS
                                                                   U.S. DISTRICT JUDGE